```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

UNITED STATES OF AMERICA,              05 CR 774 (KMW)

                Plaintiff,

    -against-                          ORDER

MICHAEL DE LUCA,

                Defendant.
--------------------------------x
```

WOOD, D.J.:

The Court denies the motion of Defendant Michael DeLuca ("DeLuca") to dismiss the charges against him in the Indictment on the grounds that the charges are unconstitutionally vague and fail to meet the RICO charging requirements.

**a. <u>Vagueness</u>**

In Count One, DeLuca is charged with participating, from the early 1990s up to and including July 2005, in the affairs of the Genovese Crime Family through a pattern of racketeering activity, consisting of two separate racketeering acts. In Racketeering Act Five, DeLuca is charged with operating, from in or about 2000 up to and including in or about July 2005, in the Southern District of New York and elsewhere, a large-scale loansharking business with Defendants Ciro Perrone, John Yannucci, Steve Buscemi and Leonard Chetti, among others. In Racketeering Act Nine, DeLuca is charged with making an extortionate loan to, and using extortionate means to collect the

loan from, a specific victim (Victim #4) with Defendants John Yannucci, Steve Buscemi and Leonard Chetti, among others. In addition, DeLuca is charged in Counts Thirteen and Fourteen in separate loansharking conspiracy counts that track the conspiracy charges in Racketeering Act Five.

The Government represents the following. Discovery[1] made to DeLuca includes numerous recorded conversations in which DeLuca, his co-conspirators, and others discuss in detail the loansharking business that they operate from Ciro Perrone's social club in Ozone Park, Queens, and other locations. The discovery includes a recorded conversation on January 21, 2005, starting at approximately 6:50 p.m., in Don Peppe's restaurant, during which DeLuca, Perrone and Yannucci spoke at length about their loansharking business. DeLuca and Perrone discussed the proper way to conduct their loansharking business, including the need to obtain prompt payment, and not to be lenient with their victims. With regard to the use of force to collect payments, DeLuca stated, "if it's strength, it's got to be strength." The discovery includes a recorded conversation on or about February 11, 2005, during which DeLuca spoke to John Yannucci and others

---

[1] In determining whether the Government has provided a defendant with notice adequate "to prepare [his] defense and to bar future prosecutions for the same offense," See States v. Alfonso, 143 F.3d at 776, a court should look to the record as a whole, including the discovery provided in the case. United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992).

2

at the table at Don Peppe's restaurant, and stated that earlier that day he had received a payment from a specific victim.

The discovery made to DeLuca also includes numerous recorded conversations in which DeLuca, his co-conspirators, and others talk in detail about their loansharking relationship with Victim #4, Aldo's Pizzeria.

The above-referenced information provides DeLuca with sufficient notice of the specific time and location of the offenses and the identity of the specific victim charged in Racketeering Act Nine.

**b. RICO Pleading Requirements**

DeLuca moves to dismiss the racketeering offense charged in Count One based on his argument that it charges a single criminal act. But, as stated in the Indictment, DeLuca is charged with more than one act. First, he is charged with participating in a large-scale loansharking business operated by Genovese Crime Family members and associates, including Ciro Perrone, John Yannucci, Steve Buscemi and Leonard Chetti. This conspiracy is alleged to be far broader than the specific substantive loansharking charges relating to Aldo's Pizzeria set forth in Racketeering Act Nine. In addition, the alleged participants in the substantive loansharking count are not the same as the participants in the conspiracy -- Ciro Perrone is not specifically named in the substantive count. A conspiracy and

its object offenses may be charged as separate racketeering acts when the conspiracy is broader than any of the object offenses. See United States v. Bellomo, 263 F.Supp. 2d 561, 577-78 (E.D.N.Y. 2003) (finding that a conspiracy and an object of that conspiracy charged as a substantive offense are sufficiently separate offenses to constitute a pattern of racketeering activity). See also United States v. Licavol, 725 F.2d 1040, 1046 (6th Cir. 1984) cited with approval by United States v. Friedman, 854 F.2d 535, 566 (2d Cir. 1988). There are thus two racketeering acts, which qualify as a "pattern of racketeering activity," as required by the statute. See Id. at 577 ("A careful examination of [the conspiracy and substantive predicate acts charged] reveals that the [activity] charged in each is significantly different and sufficiently distinct to constitute a pattern.")

DeLuca also moves to dismiss Count One on the ground that the Indictment fails to satisfy the operation and management test set forth in Reves v. Ernst & Young, 507 U.S. 170, 179 (1993); and moves to dismiss Count Two -- the racketeering conspiracy count -- on the ground that the Indictment fails to allege that DeLuca agreed to facilitate the scheme of his alleged co-conspirators in their commission of two predicate acts." These arguments address the sufficiency of the evidence, not the pleadings.

For these reasons, the Court denies DeLuca's request to dismiss Racketeering Act One from the Indictment.

SO ORDERED.

DATED: New York, N.Y.
April 13, 2006

_____
KIMBA M. WOOD
United States District Judge